HALL et al. v. BRENNAN et al.

(Supreme Court, General Term, Third Department.   July 2, 1892.)

1. ACTION AGAINST EXECUTORS—LIMITATION—CALENDAR MONTHS.
    The 18 months to be excluded in ascertaining the running of the statute of limitation in favor of executors on a cause of action accruing in the testator's lifetime (Code Civil Proc. § 403) are the 18 calendar months next succeeding the end of the six-years limitation of such action.

2. SAME—PERIOD EXCLUDED—CONTEST OF PROBATE.
    The maker of a note died in 1887, but letters testamentary were not issued to his executors until 1889, owing to a contest of probate of his will.   Held, that the intervening time was to be excluded in computing the running of the statute of limitation in favor of the executors, under Code Civil Proc. § 406, providing for the exclusion of time during which action is stayed by "statutory prohibition," the inability to bring suit in that time being in effect a statutory prohibition.

3. SAME—FAILURE TO APPLY FOR TEMPORARY ADMINISTRATOR.
    The fact that plaintiffs might have applied for a temporary administrator under Code Civil Proc. § 2668, but failed to do so, would not support the plea of limitation, since the appointment of such administrator is not a matter of right, but expressly within the discretion of the surrogate.

4. SAME—ADMISSIONS—"INFORMATION AND BELIEF."
    In an action against the executors of a deceased maker of a note on the question whether a payment on the note, made by an indorser, operated to prevent the bar of the statute as against the maker, an averment in the answer, on information and belief, that such payment was made by the indorser with the maker's money, could not be taken as an admission of that fact by defendants.

Appeal from circuit court, Saratoga county.

Action by Frances D. Hall and Matthew Hale, trustees under the will of Henry L. Webb, deceased, against Fannie Brennan and another.   From a judgment for plaintiffs, defendants appeal.   Affirmed.

The opinion of Mr. Justice TAPPAN in the court below is as follows:

"The plaintiffs were, in June, 1880, appointed by this court trustees under the will of Henry L. Webb, deceased, in place of Richard Van Rensselaer, the last surviving trustee, under said will.   George B. Bixby, the defendants' testator, on or about the 17th day of September, 1880, duly executed and delivered to the defendant William Slocum his promissory note in writing, whereby twelve months after date he promised to pay William Slocum, or order, three thousand dollars, for value received, at the office of Hand & Hale, Albany, N. Y., with interest payable semiannually from date.   On the same day said note was by the defendant William Slocum duly indorsed and transferred to the plaintiffs, and by such indorsement made payable to the order of said plaintiffs, waiving demand and notice of protest.   The principal of such note, with interest from September 17, 1890, remains unpaid, and plaintiffs are concededly entitled to recover the same against defendants, the personal representatives of George B. Bixby, unless such recovery is barred by the statute of limitations.   George B. Bixby died on the 12th day of August, 1887, leaving a last will and testament, whereby the defendants Fannie Brennan and John B. Bixby were duly appointed executrix and executor of said will.   Said will was presented for probate to the surrogate of the county of Saratoga, of which county the said George B. Bixby was a resident at the time of his death, on the 27th day of September, 1887.   The probate of the said will was contested by the heirs at law of the said George B. Bixby, deceased, but the same was admitted to probate and letters testamentary thereon issued to the defendants on the 23d day of March, 1889, and no letters testamentary or of administration were issued until that day.   The summons in this action was delivered to and received by the sheriff of Saratoga county, where the defendant Fannie Brennan then resided and still resides, and to the sheriff of Wayne county, where the defendant John B. Bixby then resided and still resides, on the 21st day of March, 1890, with the intent that it should be served upon said defendants respectively, and such summons was actually

and personally served on the defendants on or about the 15th day of April, 1890.

"Upon these facts it appears that the right of action upon the note accrued to the plaintiffs at the end of twelve months and three days from the date of the note, viz., on September 21, 1881, and had George B. Bixby lived, the last day on which an action could have been sustained against him would have been September 21, 1887. Code Civil Proc. §§ 380, 382, 403; *Smith* v. *Aylesworth*, 40 Barb. 104; *Oothout* v. *Ballard*, 41 Barb. 33. The period of eighteen months after the death of George B. Bixby was no part of the time limited for the commencement of the action. Code Civil Proc. § 403. The eighteen months are calendar months next succeeding the end of the six-years limitation. The period of eighteen months expired March 21, 1889. Letters testamentary were issued to the defendants March 23, 1889, not six months before the expiration of the time to bring the action, but two days after that time.

"The provisions of the last part of that section, that if letters testamentary or of administration have not issued at least six months before the expiration of the time to bring the action, as extended by that section, the term of one year after such letters are issued is not a part of the time limited for the commencement of said action, would seem to apply; but this court, at general term, in *Chapman* v. *Fonda*, 24 Hun, 130, has held that, where the full period of limitation had expired before such letters issued, such provision had no application. For the purposes of the statute of limitation, the action will be deemed to have been commenced on March 21, 1890, when the summons was delivered to the sheriffs, with intent to have the same served, such service having been actually made within sixty days thereafter. Code Civil Proc. § 399. From the time of the death of George B. Bixby, August 12, 1887, until letters testamentary were issued upon his will, March 23, 1889, there was no person in being against whom plaintiffs could have brought suit to enforce their claim upon their note against his estate. This was in effect a statutory prohibition, and such time was no part of the time limited for the commencement of an action. Code Civil Proc. § 406; *Mead* v. *Jenkins*, 95 N. Y. 31; *Brehm* v. *Mayor, etc.*, 104 N. Y. 186, 10 N. E. Rep. 158; *Church* v. *Olendorf*, (Sup.) 3 N. Y. Supp. 557.

"It is no answer to this view to say that plaintiffs might have applied for a temporary administrator under section 2668, Code Civil Proc.[1] They could not procure such appointment as a matter of right. It is expressly made dependent on the discretion of the surrogate. The law did not require them to make the application under penalty of losing their debt. The payment by Slocum with Bixby's money is not proven to have been with the authority of the latter. Plaintiffs do not contend that this authority is shown, except by averment in the answer, which they insist should be construed as an admission of such authority. Such averment is upon information and belief, and for that reason alone should not be construed to be an admission of the fact thus averred against the defendants, personal representatives, who have no actual knowledge. *Mayor, etc.*, v. *Fay*, (Sup.) 6 N. Y. Supp. 400. Again, if the admission was absolute and unqualified in its form, it would have to be read together, at least so far as it tends to discharge the defendants from liability when detached parts would tend to fix liability upon them. *Goodyear* v. *De La Vergne*, 10 Hun, 537; *Gildersleeve* v. *Landon*, 73 N. Y. 609. The allegation in the answer and the proof given at the trial are not sufficient to show that Slocum made the payment of interest upon the note by the direction or

---

[1] This section provides that "upon the application of a creditor, or a person interested in the estate, the surrogate may, in his discretion, issue to one or more persons, competent and qualified to serve as executors, letters of temporary administration," where delay necessarily occurs in the granting of letters testamentary or letters of administration, from any cause.

authority of Bixby, or that Bixby ever approved of such payment. Such payment did not operate to affect the running of the statute of limitations against Bixby or his personal representatives, the defendants.

"Costs against the defendants can be allowed only on the special order of the court. The question of costs does not properly come up on the decision of the case. The right to costs depends upon the facts not within the issues made by the pleadings, which can be properly shown by affidavits on special motion. 3 Wait, Pr. 535, and cases there cited; Baylies, Trial Pr. 384, 385.

"The plaintiffs are entitled to judgment against the defendants, executors, etc., for three thousand dollars, ($3,000,) with interest from September, 17, 1890; also, against defendant William Slocum for the same amount. Judgment is ordered accordingly."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*J. W. Houghton,* for appellants. *Hale & Bulkeley,* for respondents.

PER CURIAM. Affirmed on opinion below.

---

PEOPLE *ex rel.* LANE *v.* CASE *et al.,* Board of Town Auditors.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. COMMISSIONER OF HIGHWAYS—ELECTION—LIMITATION OF TERM IN BALLOT.
   Where a term of office is fixed by statute at three years, the fact that the ballots used at the time of the election of the officer had printed thereon, immediately following his name, the words "2 years," cannot have the effect of curtailing his term.

2. PEREMPTORY MANDAMUS—CLAIM AGAINST TOWN—RIGHT TO AUDIT.
   A peremptory *mandamus* should not issue to compel a board of town auditors to audit a claim of a commissioner of highways for a judgment for legal services recovered against and paid by him in that capacity, where the record and pleadings fail to show that the services in question were necessary and proper, and that the board had passed upon the same.

Appeal from special term, Sullivan county.

Application by Michael Lane for a writ of *mandamus* to Benjamin Case and others, town auditors. From a judgment awarding a peremptory *mandamus,* defendants appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*T. F. Bush,* for appellants. *James L. Stewart,* for respondent.

HERRICK, J. This is an appeal from a judgment awarding a peremptory *mandamus* against the defendants as the board of town auditors of the town of Forestburgh, directing them to audit and allow the sum of $89 for services rendered and disbursements made by the relator as a commissioner of highways, and also the sum of $107.20, being the amount of a judgment rendered against the relator in favor of one James L. Stewart for professional services as a lawyer, alleged to have been rendered by the said Stewart in and about the official business of the relator as commissioner of highways of the town of Forestburgh. At the spring election in 1885 one commissioner of highways was to be elected for the town of Forestburgh. The term of office was three years. At such election the relator and Benjamin Case were opposing candidates, and the only persons voted for at such election for said office. The ballots cast for said candidates were printed as follows:

"For Commissioner of Highways, (2 years.)
"MICHAEL LANE.
"For Commissioner of Highways, (3 years.)
"BENJAMIN CASE."

A majority of the votes cast at such election were cast for the relator, and the canvassers declared that he had been elected commissioner of highways for said town. At the annual town meeting held in said town in March,